# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**Katina Campbell,**

*Plaintiff,*

v.

**Experian Information Solutions, Inc.,**

*Defendant*.

Case Number:8:22-cv-436

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Katina Campbell** ("**Ms. Campbell**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, **Experian Information Solutions, Inc.** ("**Experian**"), stating as follows:

## PRELIMINARY STATEMENT

1.      This is an action brought by Ms. Campbell against the Defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("**FCRA**").

## JURISDICTION AND VENUE

2.      Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. §1331.

3.      Experian is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to Florida Statute § 48.193 and Fed. R. Civ. P. 4(k).

4.      Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2) because the acts complained of were committed and / or caused by the Defendants within Polk County, which is in the Middle District of Florida.

## PARTIES

5.      Ms. Campbell is a natural person residing in Polk County, Florida and is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

6.      **Experian** is an Ohio corporation, with a primary business address of **475 Anton Boulevard, Costa Mesa, CA 92626**.

7.      Experian is registered to conduct business as a foreign corporation in the State of Florida, where its Registered Agent is **CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 32301.**

8.      Experian is a nationwide Consumer Reporting Agency ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### Consumer Disclosure Neither Clear nor Accurate

9.      On or about October 3, 2021, Ms. Campbell obtained her consumer disclosure from Experian ("**Experian's Disclosure**").

10.      Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Ms. Campbell's request, Experian was required to "clearly and accurately" disclose *all* information in Ms. Campbell's file at the time of her request, as well as the *sources of information relied upon*.

### Alternate SSNs

11.      Ms. Campbell's actual SSN is XXX-XX-5560 (redacted).

12.      Ms. Campbell has had the same SSN her entire life and has not obtained, nor ever used, any alternate SSN.

13.      Despite this, Experian's Disclosure to Ms. Campbell included three "alternate" Social Security number ("**SSN**"), one, like her real SSN, ending in 5560, one ending in 7815, and one ending in 9242. **SEE PLAINTIFF'S EXHIBIT A.**

14.      While Experian included the full 9-digits of the alternate SSNs to lenders who requested Ms. Campbell's credit report, Experian only provided truncated versions to Ms. Campbell on her consumer disclosures.

15.      Experian's inclusion of false or alternate SSNs indicates to anyone viewing the report that Ms. Campbell has applied for credit using multiple SSNs and that she engaged in fraudulent conduct.

16.     Further, Experian did not indicate the source(s) of information on which Experian relied to determine that Ms. Campbell had used SSNs other than her own.

17.     As aforementioned, one of the "alternate" SSNs contained the same last four digits as Ms. Campbell's legitimate SSN.

18.     Disclosing to a consumer that she has an "alternate" SSN, while redacting all digits save for the last four (which are the same as her actual SSN), makes it virtually impossible for a consumer to investigate how, or why, this "alternate" SSN is contained in her credit file.

19.     Experian's redaction of the alternate SSNs on the report it provided to Ms. Campbell indicates that Experian believed the alternate SSNs did not belong to Ms. Campbell.

20.     Despite its apparent belief that the alternate SSNs were not Ms. Campbell's, Experian incorporated the SSNs into reports it sold to third-parties.

## Potentially Negative Accounts

21.     In addition to Experian disclosing alternate SSNs, Experian also disclosure two accounts furnished to it by Capital One as "Potentially Negative" accounts. **SEE PLAINTIFF'S EXHIBIT B.**

22.     Neither of the two Capital One accounts reported late payments or any other negative account information *Id.*

23.     Both Capital One accounts have been inactive since November 2017.

24.     Therefore, the two Capital One accounts should not have been disclosed as "Potentially Negative" accounts.

25.     Despite the clearly inaccurate reporting, Experian incorporated the negative reporting of the Capital One accounts into reports it sold to third parties.

## Experian's Knowledge of the Issues

26.     Experian has been sued multiple times regarding the inclusion of false alternate SSNs in a consumer disclosure, prior to the generation to its disclosure to Ms. Campbell.

27.     Despite this knowledge, and the fact that simple technological adjustments would prevent such mismatches, Experian continues to sell reports to third-parties in which it claims consumers have used multiple SSNs.

28.     Including SSNs which do not belong to Ms. Campbell and were not utilized by Ms. Campbell is an inherently unreasonable procedure for ensuring maximum possible accuracy.

29.     Likewise, including accounts in the negative account section, which are not actually reporting negative account information, is an inherently unreasonable procedure for ensuring maximum possible accuracy.

30.     On its face, Experian's current policies do not reasonably ensure the "maximum possible accuracy" of credit reports produced, despite being required to do so under the FCRA. *15 U.S.C. § 1681e(b)*.

31.     Further, Experian knows that the FCRA requires it to disclose the sources of information relied upon in compiling the consumer's credit report when providing a consumer disclosure. *15 U.S.C. § 1681g(a)(1)(A)(2).*

32.     Experian also knows that its disclosures ***do not*** inform the consumer as to the sources of data on which it relies to determine that a consumer has multiple SSNs.

33.     Records from Experian indicate that it has sold seven (7) reports regarding Ms. Campbell in the last 24 months, in each of which Experian falsely stated that Ms. Campbell had the "additional" SSNs associated with her name and included the inaccurate negative reporting of the Capital One accounts.  **SEE PLAINTIFF'S EXHIBIT C.**

34.     As a result of Experian's failure to prepare reports utilizing procedures to ensure maximum possible accuracy and failure to clearly and accurately disclose all information in Ms. Campbell's file in its disclosure, Ms. Campbell has suffered an impaired ability to obtain credit and services as well as economic losses and emotional distress from attempting to fix Experian's errors.

35.     Ms. Campbell has hired this law firm to represent her in this matter and has assigned the firm her right to fees and costs.

**COUNT I**
**EXPERIAN'S VIOLATIONS OF THE FCRA-15 U.S.C. § 1681e(b)**

36.     Ms. Campbell adopts and incorporates paragraphs 1 - 35 as if fully stated herein.

Page **6** of **15**

37.     Experian violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Ms. Campbell when Experian sold at least **seven (7) reports** which contained alternate SSNs which did not belong to Ms. Campbell and included two positive Capital One accounts as a "Potentially Negative" accounts.

38.     Experian's conduct was willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy, and its policies could reasonably be foreseen to cause harm to Ms. Campbell.

39.     Accordingly, pursuant to 15 U.S.C. § 1681n, Experian is liable to Ms. Campbell for the greater of Ms. Campbell's actual damages or statutory damages of up to $1,000 *per violation*, as well as Ms. Campbell's reasonable attorneys' fees and costs.

40.     Alternatively, Experian's conduct was the result of negligence, and pursuant to 15 U.S.C. § 1681o, Experian is liable to Ms. Campbell for her actual damages, as well as her reasonable attorneys' fees and costs.

### COUNT II
### EXPERIAN'S VIOLATIONS OF THE FCRA-15 U.S.C. § 1681g(a)(1)(A)(2)

41.     Ms. Campbell adopts and incorporates paragraphs 1 - 35 as if fully stated herein.

42.     Experian violated **15 U.S.C. § 1681g(a)(1)(A)(2)**, when responding to Ms. Campbell's request for her consumer disclosure, by failing to clearly and

accurately disclose to Ms. Campbell, a Consumer, all of the information in her file at the time of the request. Specifically, Experian disclosed three false SSNs, failed to disclose the sources of those false SSN's and disclosed two positive Capital One accounts as "Potentially Negative" accounts; thereby preventing Ms. Campbell from investigating and rectifying the issue.

43.     Experian's conduct was willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy, and its policies could reasonably be foreseen to cause harm to Ms. Campbell.

44.     Accordingly, pursuant to 15 U.S.C. § 1681n, Experian is liable to Ms. Campbell for the greater of Ms. Campbell's actual damages or statutory damages of up to $1,000 *per violation*, as well as Ms. Campbell's reasonable attorneys' fees and costs.

45.     Alternatively, Experian's conduct was the result of negligence, and pursuant to 15 U.S.C. § 1681o, Experian is liable to Ms. Campbell for her actual damages, as well as her reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Ms. Campbell respectfully requests this Honorable Court enter judgment against Experian for:

a.     The greater of statutory damages of **$1,000** per incident (for a total of **$8,000,** based solely upon information known at the time of filing), or

Ms. Campbell's actual damages pursuant to 15 U.S.C. § 1681n, or in the alternative, Ms. Campbell's actual damages pursuant to 15 U.S.C. § 1681o;

b.      Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.      Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

d.      Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Ms. Campbell hereby demands a trial by jury on all issues so triable.

Respectfully submitted on **February 23, 2022**, by:

**SERAPH LEGAL, P. A.**

/s/ *Bridget L. Scarangella*
Bridget L. Scarangella, Esq.
Florida Bar No.: 1022866
BScarangella@SeraphLegal.com
1614 North 19th Street
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Attorneys for Plaintiff*

## EXHIBIT LIST

A      Ms. Campbell's Experian Disclosure, October 3, 2021 - Alternate SSN
B      Ms. Campbell's Experian Disclosure, October 3, 2021- Capital One Accounts
C      Ms. Campbell's Experian Disclosure, October 3, 2021- Inquiries